FILED.
U.S. DIST. COURT
BRUNSWICK DIV.

2005 MAY -4 P 2:34

CLERK

OLIN WOOTEN, OLIN WOOTEN     :     CIVIL ACTION
TRANSPORT COMPANY, INC.,
and ATLANTIC COAST     :
CARRIERS, INC.,

    :

     Plaintiffs,

    :

       v.

    :

ALTAMAHA BANK AND TRUST,
AMANDA LETICIA VARNADORE,     :
ADORNA L. POWELL, and
KENNETH D. McLEOD,     :

     Defendants.     :     NO. CV203-100


## O R D E R

Plaintiff, Atlantic Coast Carriers, Inc. ("Atlantic Carriers"), has filed a motion seeking reconsideration of the Court's March 3, 2005, Order, dismissing its claims against Defendant, Kenneth McLeod ("McLeod"), and the Court's March 4, 2005, Order, dismissing its claims against Defendant, Altamaha Bank and Trust ("Altamaha Bank"). For the following reasons, the motion will be **GRANTED IN PART** and **DENIED IN PART**.

## FACTS

As more fully set forth in the Court's March 3, 2005, and March 4, 2005, Orders, Defendants, Varnadore and Powell, were Plaintiffs' employees and Defendant, McLeod, was an accountant employed by Plaintiffs. Plaintiffs contend that Varnadore and Powell forged a large number of checks on Atlantic Coast Carriers' and Wooten Transport's corporate accounts at Defendant banks from June of 1997, to June 7, 2001, and conspired with both McLeod and the banks to hide the losses from Plaintiffs.

Plaintiff, Olin Wooten ("Wooten"), opened a bank account in the name of Olin Wooten Transport Company, Inc. ("Wooten Transport") at Altamaha Bank on September 29, 1997. Wooten opened a bank account in the name of Atlantic Carriers[1] at Altamaha Bank on December 10, 1999.

On February 23, 2001, Wooten Transport filed a Chapter 11 bankruptcy which was converted to a Chapter 7 liquidation on June 11, 2001. Wooten, as primary shareholder of the corporation, signed the schedule of assets under oath and failed to disclose the instant claims in the schedule of assets.

---

[1] Atlantic Carriers, formed in 2000, is the successor trucking company of Wooten Transport, employing the same personnel and having the same officers and shareholders.

2

Upon initial review of the case, the Court granted McLeod's and Altamaha Bank's summary judgment motions. In the March 3, 2005, Order, the Court determined that Atlantic Carriers and Wooten had failed to establish the necessary elements to sustain a professional negligence claim against McLeod. The Court further determined that Wooten Transport lacked standing to assert these claims because the claims were not disclosed in Wooten Transport's bankruptcy proceeding. Similarly, in the March 4, 2005 Order, the Court determined that Plaintiffs lacked standing to assert these claims because the claims were not disclosed in Wooten Transport's bankruptcy proceeding.

## DISCUSSION

### I.    McLeod

Atlantic Carriers requests that the Court reconsider its March 3, 2005, Order dismissing its claims against Defendant, McLeod. In support thereof, Atlantic Carriers argues that the Court failed to consider Wooten's testimony indicating that McLeod performed accounting services as well as advisory services for Atlantic Carriers. Atlantic Carriers further argues that the Court erroneously dismissed its claims against McLeod due to Wooten Transport's failure to disclose the claims as potential assets in its bankruptcy proceeding.

3

Atlantic Carriers has misinterpreted the Court's March 3, 2005 Order. As explained in that Order, any claims asserted against McLeod, including those asserted by Atlantic Carriers in its capacity as successor in interest, were precluded by reason of Wooten Transport's failure to disclose the claims in its bankruptcy proceeding. To the extent, however, that Atlantic Carriers asserted a professional negligence claim against McLeod for services rendered to Atlantic Carriers, the Court concluded:

It is undisputed that McLeod never performed any monthly accounting work for Atlantic Carriers, never prepared any financial statements for Atlantic Carriers, never received any bank statements, either originals or copies, for Atlantic Carriers, and never reconciled any bank statements for Atlantic Carriers. Furthermore, Plaintiffs have offered no expert testimony indicating that McLeod was negligent in any manner with regard to any work he did perform for Atlantic Carriers. Thus, the first two elements necessary to state a claim for professional negligence-a legal duty owed and a breach of that duty-have not been established.

(March 3, 2005 Order at 7.) In making this determination, the Court considered all the evidence in the record, including Wooten's testimony. Thus, Atlantic Carriers has failed to offer any new information or argument that has not already been fully considered in the Court's March 3, 2005 Order.

4

## II. **Altamaha Bank and Trust**

Atlantic Carriers further requests the Court to reconsider its March 4, 2005, Order dismissing its claims against Altamaha Bank. Atlantic Carriers argues that the Court erred in dismissing its claims against Altamaha Bank based on Wooten Transport's failure to disclose the instant action in its bankruptcy proceeding.

In its March 4, 2005, Order, the Court construed Atlantic Carriers' claims against Altamaha Bank as deriving exclusively from its status as successor to Wooten Transport.[2] As such, Atlantic Carriers' recovery would be limited to that which Wooten Transport was entitled. Thus, to the extent that Atlantic Carriers is asserting claims as the successor in interest to Wooten Transport, Atlantic Carriers is precluded from asserting its claims for the reasons indicated in the Court's Order of March 4, 2005. To the extent, however, that Atlantic Carriers is asserting a claim against Altamaha Bank for damages resulting from instruments negotiated on the Atlantic Carriers account from December 10, 1999, the date the account was opened, until June 7, 2001, the date the embezzlement was discovered, Wooten Transport's failure to

---

[2]Plaintiffs do not mention Atlantic Carriers in Count IV wherein Plaintiffs assert a claim for conversion but, rather, allege that "Defendant [e]mployees forged checks drawn on accounts of OWTC and Olin Wooten" and that "[t]he Defendant banks and Defendant McLeod participated in the conversion of Plaintiffs' funds . . .". (Pls.' Am. Compl. at 84.)

AO 72A
(Rev. 8/82)

disclose the instant claims in its bankruptcy proceeding has no effect.

**CONCLUSION**

The Court has read and considered the positions of all parties. Based on the foregoing reasons, Atlantic Carriers' motion seeking reconsideration is **GRANTED IN PART** and **DENIED IN PART**.

Atlantic Carrier's motion seeking reconsideration of the Court's March 3, 2005, Order dismissing the claims against McLeod (Doc. No. 200-1) is **DENIED**. Accordingly, McLeod's motion to enter judgment under Federal Rule of Civil Procedure 54(b) (Doc. No. 203) is **GRANTED**. The Clerk is directed to enter final judgment dismissing Defendant, McLeod, from this case.

Atlantic Carriers' motion seeking reconsideration of the Court's March 4, 2005, Order dismissing its claims against Altamaha Bank (Doc. No. 200-2) is **GRANTED**. Accordingly, the Court **VACATES** the portion of the March 4, 2005 Order dismissing Atlantic Carriers' claims against Altamaha Bank for instruments negotiated on the Atlantic Carriers' account from December 10, 1999, until June 7, 2001.

**SO ORDERED**, this _____ 4th _____ day of May, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

O. Hale Almand Jr., Esq.                    lgl
Almand & Wiggins
1922 Forsyth St.
Macon, GA  31202-1605

2:03-cv-00100

Robert Abney Fricks, Esq.                                    lgl
Fricks, Dell & Lee, LLP
P.O. Box 4086
Macon, GA  31208

John E. Morrison, Esq.                     lgl
John E. Morrison & Associates, Inc.
400 Second St.
Soperton, GA  30457

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:     2:03-cv-00100
Date Served:     May 4, 2005
Served By:       Lee G. LaVictoire

Attorneys Served:

O. Hale Almand Jr., Esq.
Robert Abney Fricks, Esq.
John E. Morrison, Esq.

____ Copy placed in Minutes

_____ Copy given to Judge

_____ Copy given to Magistrate