In the United States District Court
for the Southern District of Georgia
Brunswick Division

OLIN WOOTEN and ATLANTIC : CIVIL ACTION
COAST CARRIERS, INC.,
:
    Plaintiffs,
:
    v.
:
ALTAMAHA BANK AND TRUST,
AMANDA LETICIA VARNADORE, :
and ADORNA L. POWELL,
:
    Defendants.     NO. CV203-100

O R D E R

This case is presently before the Court on Plaintiffs' objection to the bill of costs filed by Kenneth D. McLeod. Having examined McLeod's bill of costs and Plaintiffs' objection, said objection will be **SUSTAINED**.

DISCUSSION

Plaintiffs object to the amount McLeod seeks to tax as costs fees for exemplification and copies of papers necessarily obtained for use in the case as unreasonable and excessive.

While McLeod has requested the Clerk to tax as costs fees in the amount of $5,386.91, he has failed to provide the Court with an itemization or documentation in support of that amount.

Rule 54(d) of the Federal Rules of Civil Procedure provides for allowance of costs to the prevailing party. It states, in part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Title 28, U.S.C. § 1920 specifies particular items which may be taxed as costs. These items include, "[f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4).

The prevailing party has the burden of proving that the award of a particular cost is appropriate if that cost is a matter within the exclusive knowledge of the prevailing party. Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), aff'd, 998 F.2d 1023 (11th Cir. 1993). In Helms, the court denied the prevailing parties' request for copying costs because the prevailing party had not explained the content of the copies or for what they were used. Id.; see also DiCecco v. Dillard House, Inc., 149 F.R.D. 239 (N.D. Ga.

1993) (holding that cost of unexplained copies would be disallowed). Because McLeod has the burden of proving that an award of its exemplification and document costs is appropriate, and because it has introduced no evidence of any kind concerning these costs, the Court will deny McLeod's request for exemplification and copies of documents.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' objection is **SUSTAINED**. Accordingly, McLeod will not be permitted to tax $5,386.91 in fees for exemplification and copies of papers necessarily obtained for use in the case.

**SO ORDERED**, this 15 day of June, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)