In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 OCT -4  P 4 02
CLERK

| | | |
|---|---|---|
| OLIN WOOTEN, OLIN WOOTEN TRANSPORT COMPANY, INC., and ATLANTIC COAST CARRIERS, INC., | : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| ALTAMAHA BANK AND TRUST, AMANDA LETICIA VARNADORE, and ADORNA L. POWELL, | : : : | |
| Defendants. | | NO. CV203-100 |

O R D E R

Plaintiffs, Olin Wooten, Olin Wooten Transport Company, Inc. ("Wooten Transport"), and Atlantic Coast Carriers, Inc. ("Atlantic Carriers"), filed this action against the above-named Defendants, alleging a private civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, as well as numerous state law claims.

Presently before the Court is the motion of Defendants, Amanda Leticia Varnadore and Adorna L. Powell, seeking summary

AO 72A
(Rev. 8/82)

judgment and dismissal for lack of jurisdiction. For the following reasons, Varnadore's and Powell's motion will be **GRANTED IN PART and DENIED IN PART**.

**FACTS**

Powell and Varnadore were Plaintiffs' employees. Powell was a former employee of Wooten Transport who was terminated in 1998 for allegedly embezzling funds. Varnadore was employed by Wooten Transport and Atlantic Carriers from May 15, 1996, through June 15, 2001, when she, too, was terminated for allegedly embezzling funds.

Plaintiffs contend that Powell and Varnadore forged a large number of checks on Wooten Transport and Atlantic Carriers' corporate accounts at two banks from June of 1997, to June 7, 2001, and conspired with the accountant and banks to hide the losses from Plaintiffs.

On February 23, 2001, Wooten Transport filed a Chapter 11 bankruptcy. Olin Wooten, as primary shareholder of the corporation, signed the schedule of assets under oath. Wooten Transport did not disclose any potential claims against Powell and Varnadore in the schedule of assets. On June 11, 2001, the case was converted from a Chapter 11 reorganization to a

Chapter 7 liquidation, and a trustee was appointed to administer the property of the estate. On July 26, 2002, the Chapter 7 trustee made his final report to the bankruptcy court, finding that there was no property available for distribution from the estate.

The Court found that Plaintiffs lacked standing and were judicially estopped from asserting the claims against Defendants, Altamaha Bank and Trust and Kenneth McLeod, in the instant case. Thus, summary judgment was granted in these Defendants' favor with regard to the claims asserted against them by Wooten Transport.

Plaintiffs have asserted five counts against Powell and Varnadore: three RICO claims, and state law claims for conversion and fraud. Powell and Varnadore contend that they, too, are entitled to summary judgment on Wooten Transport's claims because Wooten Transport failed to disclose the potential claims in its bankruptcy proceeding. They further assert that, as a result, Powell should be dismissed from this action because she was never employed by Atlantic Carriers. Powell and Varnadore contend that once Powell is dismissed, Plaintiffs cannot demonstrate the requisite conspiracy for the

AO 72A
(Rev. 8/82)

RICO claims and, absent the RICO claims, the Court no longer has jurisdiction to hear this action.

## DISCUSSION

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Powell and Varnadore argue that they are entitled to summary judgment on all claims asserted against them by Wooten Transport because Plaintiffs lack standing and are judicially estopped from asserting these claims. As previously discussed by the Court, "[a] party has standing to prosecute a suit in the federal courts only if he is the 'real party in interest'

AO 72A
(Rev. 8/82)

as that term is defined under Fed.R.Civ.P. 17(a)." United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969).[1]

When a debtor files a petition for bankruptcy, a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" is created. 11 U.S.C. § 541(a)(1). It is well settled that causes of action which have accrued prior to commencement of the bankruptcy are also part of the bankruptcy estate. In re Witko, 374 F.3d 1040 (11th Cir. 2004). As property of the estate, only the trustee in bankruptcy is the real party in interest and has standing to pursue these potential claims. See Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004) (citing Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003)); see also Miller v. Shallowford Community Hosp., Inc., 767 F.2d 1556, 1559 (11th Cir. 1985). Such pre-bankruptcy causes of action may be available to the debtor's creditors even if the causes of action were not listed on the schedule of assets. Miller, 767 F.2d at 1560).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions by the Fifth Circuit Court of Appeals issued prior to October 1, 1981, as binding precedent on this Court.

A cause of action generally accrues when all the requisite elements have occurred and the plaintiff could first have maintained the action to a successful result. Stamschror v. Allstate Ins. Co., 267 Ga. App. 692, 600 S.E.2d 751 (2004); Travis Pruitt & Assoc. v. Bowling, 238 Ga. App. 225, 226, 518 S.E.2d 453, 454 (1999). It is well established in the Eleventh Circuit that the "accrual" of a cause of action for purposes of determining the trigger date for the statute of limitations may be different from the "accrual" of the action for purposes of determining ownership under § 541 of the Bankruptcy Code. In re Alvarez, 224 F.3d 1273, 1277, n. 7 (11th Cir. 2000), cert. denied, Alvarez v. Johnson, 531 U.S. 1146, 121 S. Ct. 1083 (2001). When determining whether a cause of action accrued for purposes of ownership in a bankruptcy proceeding, "the test is whether all of the elements of the cause of action had occurred as of the time that the bankruptcy case was commenced, so that the claim is sufficiently rooted in the debtor's prebankruptcy past." In re Alipour, 252 B.R. 230, 235 (M.D. Fla. 2000).

The Court concludes that Wooten Transport's state law claims against Powell and Varnadore accrued prior to June 11, 2001. Under Georgia law, a cause of action for fraud accrues

on the date of the alleged false representation, not from the time actual damage is discovered. Willis v. City of Atlanta, 265 Ga. App. 640, 643, 595 S.E.2d 339, 342-43 (2004). Similarly, as a general rule, a cause of action for wrongful conversion accrues on the date of the actual conversion. Logan v. Tucker, 224 Ga. App. 404, 406, 480 S.E.2d 860, 862 (1997); Therrell v. Ga. Marble Holdings Corp., 960 F.2d 1555, 1560 (11th Cir. 1992) (interpreting Georgia law). Thus, Wooten Transport's fraud and conversion claims accrued at the time each instrument was presented to and paid by the bank. The last instrument was presented for payment on June 7, 2001. (Am. Compl., Ex. A.) As this is before Wooten Transport's June 11, 2001, Chapter 7 bankruptcy conversion date, these claims are the property of the bankruptcy estate and the bankruptcy trustee, not Plaintiffs, has standing to pursue them.

The Court concludes that Wooten Transport does, however, have standing to assert its RICO claims. Unlike the state law claims, a civil RICO claim "begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." McCaleb v. A.O. Smith Corp., 200 F.3d 747, 751 (11th Cir. 2000) (quoting Bivens Gardens Office Bldg., Inc.

V. Barnett Bank, Inc., 906 F.2d 1546, 1554-55 (11th Cir. 1990)). It is undisputed that Plaintiffs did not discover Varnadore's alleged embezzling activities until June 15, 2005. Plaintiffs arguably should not have reasonably discovered "both the existence and source of [their] injury and that the injury [wa]s part of a pattern" until after Varnadore's activities were discovered. See id. Thus, Plaintiffs, not the bankruptcy trustee, have standing to assert the RICO claims. Furthermore, because the RICO claims did not accrue until after the June 11, 2001, Chapter 7 conversion date, Plaintiffs are not judicially estopped from asserting these claims. See DeLeon v. Comcar Indus., Inc., 321 F.3d 1289 (11th Cir. 2003) (The doctrine of judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.).

Powell and Varnadore's remaining arguments all hinge on a finding that Wooten Transport lacks standing and is judicially estopped from asserting its claims. Thus, in light of the foregoing, the Court need not address the merits of the remaining arguments.

AO 72A
(Rev. 8/82)

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Powell and Varnadore's motion seeking summary judgment and dismissal for lack of jurisdiction (Doc. No. 227) is **GRANTED IN PART and DENIED IN PART**.

With regard to Wooten Transport's fraud and conversion claims, the motion is **GRANTED**. With regard to the requests that Powell be dismissed as a party and the RICO claims be dismissed, the motion is **DENIED**.

**SO ORDERED** this \_\_\_4th\_\_\_ day of October, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)